IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE STATE OF OHIO**, *et al.*,

    Plaintiffs,

vs.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**, *et al.*,

    Defendants.

Civil Action 2:15-cv-2467
Judge Sargus
Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court on *Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation Under 28 U.S.C. § 1407 to Transfer and Consolidate*, ECF 21 ("*Motion to Stay*"). For the reasons that follow, the *Motion to Stay* is **GRANTED**.

**I.  BACKGROUND**

On June 29, 2015, the State of Ohio and Michigan Attorney General Bill Schuette filed this action. *Complaint*, ECF 1. On July 23, 2015, the *First Amended Complaint*, ECF 20 ("*Amended Complaint*"), which joined the State of Tennessee as a plaintiff (collectively with Ohio and Michigan, "plaintiffs") was filed. This action challenges a new administrative rule known as the "Clean Water Rule," 80 Fed. Reg. 37,054 (June 29, 2015) ("the Rule"), as overbroad. Specifically, the *Amended Complaint* contends that the Rule "purports to extend federal regulatory jurisdiction over broad swaths of the country . . . that in no way constitute navigable, potentially navigable, or interstate

1

waters – even in various instances reaching land that is typically dry." *Id*. at ¶¶ 2-3. *See also id*. at ¶¶ 26-30. According to plaintiffs, the Rule's overreach exceeds the powers granted to the federal government under the Constitution's Commerce Clause and conflicts with United States Supreme Court precedent. *Id*. at ¶ 31-53. Plaintiffs go on to allege that defendants, through the Rule's overreach, injure plaintiffs by intruding on interstate "waters" entirely within the State of Ohio, the State of Michigan, and the State of Tennessee. *Id*. at ¶¶ 6-7. Plaintiffs assert claims under the Administrative Procedure Act, alleging violations of the Act and the United States Constitution. *Id*. at ¶¶ 54-65. Plaintiffs seek declaratory and injunctive relief invalidating the Rule and returning the matter to defendants to permit the defendant agencies to propose a new rule that is consistent with the Clean Water Act and the Constitution. *See Prayer for Relief*. Named as defendants are the United States Army Corps of Engineers, the United States Environmental Protection Agency, the Honorable Jo-Ellen Darcy in her official capacity as Assistant Secretary of the Army (Civil Works), and the Honorable Gina McCarthy in her official capacity as Administrator of the United States Environmental Protection Agency.

On July 23, 2015, defendants filed the *Motion to Stay*, seeking a stay of all proceedings in this action pending ruling from the Judicial Panel on Multi-District Litigation (the "MDL Panel") on defendant's motion under 28 U.S.C. § 1407 to transfer and consolidate (the "MDL motion"). *See Reply in Support of Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-*

*District Litigation Under 28 U.S.C. § 1407 to Transfer and Consolidate*, ECF 25 ("*Reply*"), pp. 1-2 (citing *In re: Clean Water Rule: Definition of "Waters of the United States" Litigation*, MDL No. 2663 (J.P.M.L.), ECF 1, 2). According to defendants, seventy-two plaintiffs have challenged the Rule to date, through actions filed in eight district courts across the country. *See Attachment* to *Motion to Stay* (identifying, in addition to the present action, the following actions: *State of North Dakota, et al. v. U.S. Environmental Protection Agency*, et al., No. 3:15-cv-59 (filed in D. N.D. on June 29, 2015); *Murray Energy Corp. v. U.S. Environmental Protection Agency*, et al., No. 1:15-cv-110 (filed in N.D. W.Va. on June 29, 2015);[1] *State of Texas, et al. v. U.S. Environmental Protection Agency*, et al., No. 3:15-cv-162 (filed in S.D. Tex. on June 29, 2015); *State of Georgia, et al. v. U.S. Environmental Protection Agency*, et al., No. 2:15-cv-79 (filed in S.D. Ga. on June 30, 2015); *Am. Farm Bureau Federation, et al. v. U.S. Environmental Protection Agency*, et al., No. 3:15-cv-165 (filed in S.D. Tex. on July 2, 2015); *State of Oklahoma v. U.S. Environmental Protection Agency*, et al., No. 4:15-cv-381 (filed in N.D. Okla. on July 8, 2015); *Chamber of Commerce of the United States of America, et al. v. U.S. Environmental Protection Agency*, et al., No. 4:15-cv-386 (filed in N.D. Okla. on July 10, 2015); *Southeastern Legal Foundation, Inc., et al. v. U.S. Environmental Protection Agency*, et al., No. 1:15-cv-2488 (filed in N.D. Ga. on July 13, 2015)).

---

[1] This action has been dismissed without prejudice for lack of jurisdiction. *Murray Energy Corp. v. United States Environmental Protection Agency*, No. 1:15-cv-110, ECF 32.

On July 29, 2015, petitions for review were consolidated in the United States Court of Appeals for the Sixth Circuit by order of the MDL Panel pursuant to 28 U.S.C. § 28 U.S.C. § 2112. *In re: Clean Water Rule: Definition of "Waters of the United States" Litigation*, MDL No. 2663 (J.P.M.L.), ECF 3. Defendants represent that the MDL motion will be heard by the MDL Panel at its next scheduled hearing on October 1, 2015. *Reply*, p. 2 (citing United States Judicial Panel on Multidistrict Litigation, Hearing Information, *available at* http://jpml.uscourts.gov/hearing-information).

Defendants also point out that the defendant agencies have moved for stays in each of the district court cases pending a ruling on the MDL motion. *Id*. Several of those requests have already been granted. *See Texas v. EPA*, No. 3:15-cv-162, ECF 15; *Am. Farm Bureau Federation v. EPA*, No. 3:15-cv-165, ECF 22; *Chamber of Commerce v. EPA*, No. 4:15-cv-386, ECF 32; *Oklahoma v. EPA*, No. 4:15-cv-381, ECF 22; *Se. Legal Found. v. EPA*, No. 1:15-cv-2488, ECF 5; *Wash. Cattlemen's Ass'n v. EPA*, No. 0:15-cv-3058, ECF 14.

Plaintiffs in the case presently before the Court nevertheless oppose the *Motion to Stay*. *See Plaintiffs' Brief in Opposition to Defendants' Motion to Stay*, ECF 24 ("*Opposition*"). With the filing of the *Reply*, this matter is ripe for resolution.

**II. STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

4

*See also Hill v. Mitchell*, 30 F. Supp.2d 997 (S.D. Ohio 1998) ("[T]he Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254. The party seeking a stay bears the burden "to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interest in efficiency, economy and fairness." *Hill*, 30 F. Supp.2d at 1000. *See also Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004) ("Important to the Court's propriety analysis [of whether or not to stay proceedings] was a weighing of the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration.") (citing *Landis*, 299 U.S. at 254).

**III. DISCUSSION**

Defendants contend that, in the absence of a stay, the need to engage in duplicative proceedings in multiple district courts and the possibility of conflicting rulings from different district courts will harm them. *Motion to Stay*, pp. 8-9; *Reply*, p. 13. Plaintiffs disagree, arguing that defendants face no clear hardship or inequity if this action continues because this case is in its early stages and because defendants admit that they expect the MDL Panel to act swiftly on the MDL motion. *Opposition*, pp. 6-7.

5

Plaintiffs' arguments are not well-taken. "'Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.'" *Dowler v. Med. Shoppe*, No. 2:07 cv 848, 2007 WL 2907519, 2007 U.S. Dist. LEXIS 73950, at *5 (S.D. Ohio Oct. 3, 2007) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)). As set forth *supra*, there are multiple cases challenging the Rule in multiple districts. Some of these courts have already issued inconsistent rulings. *See*, *e.g.*, *Georgia v. McCarthy*, No. 2:15-cv-79, ECF 77 (denying plaintiffs' motion for preliminary injunction); *North Dakota v. EPA*, No. 3:15-cv-59, ECF 70 (granting plaintiffs' preliminary injunction). Moreover, at least one district court has dismissed one of the actions challenging the Rule for lack of jurisdiction upon finding that exclusive jurisdiction over the legal challenges resides in the Sixth Circuit. *See Murray Energy Corp. v. EPA*, No. 1:15-cv-110, ECF 32. Under these circumstances, this Court concludes that the limited stay sought by defendants will reduce the risk of harm posed by possible inconsistent rulings.

Plaintiffs argue, however, that a stay will prejudice them by delaying resolution of their legal claims, particularly where they have claimed that the Rule violates the Tenth Amendment. *Opposition*, pp. 5-6 (explaining, for example, that the Rule creates additional burdens on the states arising from the states' responsibilities under the Clean Water Act, including an obligation to accommodate and process an increased volume of permits applications based on federal law). Plaintiffs' arguments are again not well-taken. As defendants point out, the claimed administrative burdens associated with

6

implementation of the Rule are speculative and, in any event, plaintiffs have not shown that such burdens are imminent. Conversely, as discussed *supra*, any stay imposed in this action will be of limited duration. Moreover, as one district court has already concluded, there is authority for the proposition that jurisdiction to review the Rule under the Clean Water Act lies exclusively in the courts of appeals and, in this instance, the Sixth Circuit. *Murray Energy Corp. v. EPA*, No. 1:15-cv-110, ECF 32. Under these circumstances, this Court concludes that a limited stay will not prejudice plaintiffs.

Finally, defendants have established that the requested stay will serve judicial economy and the public interest. As noted *supra*, several petitions for appellate review remain pending in the Sixth Circuit. It would be a waste of judicial resources for this case to proceed here if it is ultimately determined that it is the Sixth Circuit – or another circuit court – that is the appropriate court to consider plaintiffs' claims. *See*, *e.g.*, *Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, 2012 U.S. Dist. LEXIS 114480, at *4-5 (S.D. Ohio Aug. 14, 2012) ("[I]t would be inefficient for the parties to prepare, and for this Court to review, potentially lengthy briefs and for this Court to rule on the underlying issues in this case, only to have to revisit the parties' arguments in light of the Sixth Circuit's ruling[.]"). In short, defendants' have shown that a limited stay of proceedings in this case is warranted.

**WHEREUPON**, *Defendants' Motion to Stay Proceedings Pending a Ruling from the Judicial Panel on Multi-District Litigation Under 28 U.S.C. § 1407 to Transfer and Consolidate*, ECF 21, is **GRANTED**.

7

Further proceedings in this action are **STAYED** pending ruling from the Judicial Panel on Multi-District Litigation. The parties are **ORDERED** to promptly notify this Court once such a ruling is issued.


September 1, 2015                                      *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge