UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE STATE OF OHIO, et al.,

    Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants.

Case No. 2:15-cv-2467
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on two motions to intervene: one filed by the Michigan Farm Bureau [ECF No. 31] and one filed jointly by the Natural Resources Defense Council ("NRDC") and the National Wildlife Federation ("NWF") (collectively, the "Environmental Groups") [ECF No. 43]. The Michigan Farm Bureau seeks to intervene as a plaintiff. The Environmental Groups seek to intervene as defendants. For the following reasons, both motions [ECF Nos. 31, 43] are **DENIED**.

### I.  BACKGROUND

The States of Ohio, Michigan, and Tennessee (collectively, the "Plaintiffs") have challenged the validity of the Clean Water Rule, 80 Fed. Reg. 37,054 (June 29, 2015), a final rule adopted by Defendants the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers (collectively, the "Agencies"). The Clean Water Rule clarifies the definition of "waters of the United States," as used in the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, "through clearer definitions and increased use of bright-line boundaries." 80 Fed. Reg. at 37,055. As a result of this clarification, the Rule "makes the process of

identifying waters protected under the [Clean Water Act] easier to understand, more predictable, and consistent with the law and peer-reviewed science, while protecting the streams and wetlands that form the foundation of our nation's water resources." *Id.* Plaintiffs object to the Clean Water Rule, as it allegedly (i) extends the scope of the Clean Water Act's protections beyond the reach of the statute's language, (ii) contradicts United States Supreme Court precedent, (iii) attempts to extend federal authority beyond the limits established under the United States Constitution, and (iv) was promulgated in violation of the notice and comment procedures required under the Administrative Procedure Act, 5 U.S.C. §§ 553(b)–(c), 706(2). (Pls.' Am. Compl. ¶¶ 1–8, 54–65 [ECF No. 20].)

The Agencies issued the Clean Water Rule on June 29, 2015. That same day, Plaintiffs Ohio and Michigan filed their Complaint [ECF No. 1] in this Court. On July 23, 2015, Plaintiffs filed an Amended Complaint [ECF No. 20] joining Tennessee as a plaintiff. Plaintiffs' Amended Complaint contains two causes of action, one brought under the Administrative Procedure Act[1] and one brought under "the structural federalism provisions of the United States Constitution including the Tenth Amendment." (Pls.' Am. Compl. ¶¶ 54–65.)

The action filed in this Court is one of many cases filed by parties across the country raising substantially similar claims regarding the Clean Water Rule. As such, the Agencies filed a motion with the Judicial Panel on Multi-District Litigation (the "MDL Panel") to transfer and consolidate those cases to a randomly selected circuit court of appeals. (Mem. in Supp. of First Mot. to Stay at 2–3 [ECF No. 21-1].) On October 13, 2015, the MDL Panel denied the Agencies' motion to transfer and consolidate. (Notice of Decision at 1 [ECF No. 28].)

---

[1] Plaintiffs' first cause of action is brought under § 706(2)(A)–(C) of the Administrative Procedure Act. (Pls.' Am. Compl. ¶ 57.) Plaintiffs' cause of action also appears to be brought under § 706(2)(D). (*See id.* ¶ 59.)

2

The Court had stayed this case pending the MDL Panel's decision on the Agencies' motion to transfer and consolidate. (Sept. 1, 2015 Op. & Order at 1 [ECF No. 27].) The Agencies, however, requested a continuation of the stay beyond October 13. The Agencies and numerous other parties had filed petitions in the Sixth Circuit Court of Appeals for review of the Clean Water Rule. (Mem. in Supp. of Second Mot. to Stay at 1 [ECF No. 29-1].) Those petitions were consolidated pursuant to 28 U.S.C. § 2112(a)(3). Because the Sixth Circuit had yet to issue a decision on the Agencies' argument that exclusive jurisdiction to review the Clean Water Rule lies in the courts of appeals, the Agencies asked this Court to continue the stay in this case.

On October 9, 2015, the Sixth Circuit issued a temporary nationwide stay of the Clean Water Rule. (Mem. in Supp. of Second Mot. to Stay at 3.) The Sixth Circuit then held a hearing on December 8, 2015 regarding that court's potentially exclusive jurisdiction to review the Clean Water Rule. (Envtl. Grps.' Mot. to Intervene at 5 [ECF No. 43].) The Sixth Circuit, however, has not yet rendered a decision on that issue.

The Michigan Farm Bureau moved to intervene in this case on October 26, 2015. (Mich. Farm Bureau's Mot. to Intervene at 14 [ECF No. 31].) The Farm Bureau accompanied its Motion with a Complaint [ECF No. 31-1] against the Agencies. In its Complaint, the Farm Bureau proposes four causes of action, each brought under the Administrative Procedure Act. (Mich. Farm Bureau's Compl. ¶¶ 60–67.)[2]

The Environmental Groups moved to intervene on November 24, 2015. (Envtl. Grps.' Mot. to Intervene at 20.) Accompanying their Motion were four declarations [ECF Nos. 43-1, 43-2, 43-3, 43-4] and an Answer [ECF No. 43-5].

---

[2] The Michigan Farm Bureau's causes of action are brought under § 706(2)(A)–(D) of the Administrative Procedure Act. (Mich. Farm Bureau's Compl. ¶¶ 60–67.)

The Michigan Farm Bureau and the Environmental Groups seek to intervene as of right (under Federal Rule of Civil Procedure 24(a)) and, alternatively, through permissive intervention (under Federal Rule 24(b)). Plaintiffs and the Agencies have declined to take a position on the motions to intervene. (Mich. Farm Bureau's Mot. to Intervene at 1; Envtl. Grps.' Mot. to Intervene at 7.)

## II. INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24(a) entitles certain parties to intervene in a lawsuit as of right. A proposed intervenor must establish four elements to be entitled to intervene under that Rule: (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that the intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent the intervenor's interest. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007).

Rule 24 is broadly construed in favor of potential intervenors. *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). "But this does not mean that Rule 24 poses no barrier to intervention at all." *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000). If a potential intervenor fails to satisfy any one of the four Rule 24(a) elements, the Court must deny the motion to intervene. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Here, the pending motions to intervene hinge on the Court's determination of the fourth Rule 24(a) element—the existing parties' adequacy of representation.

"[P]roposed intervenors bear the burden of demonstrating inadequate representation." *Purnell*, 925 F.2d at 949. In determining whether representation is adequate, the Sixth Circuit looks to several factors: (1) whether there is collusion between the representative and an

4

opposing party; (2) whether the representative fails in the fulfillment of its duty; and (3) whether the representative has an interest adverse to the proposed intervenor. *Id.* at 949–50 (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227–28 (6th Cir. 1984)). When a proposed intervenor and an existing party to the suit share the same ultimate objective in the litigation, courts presume that the existing party adequately represents the intervenor's interests. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Ford Dev. Corp.*, No. 2:10-cv-140, 2010 WL 3365927, at *4 (S.D. Ohio Aug. 20, 2010). A proposed intervenor can overcome this presumption of adequacy by showing "that there is substantial doubt about whether [the intervenor's] interests are being adequately represented by an existing party." *Ford Dev. Corp.*, 2010 WL 3365927, at *4 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990) ("'[T]hat there is a slight difference in interests between the [proposed intervenors] and the supposed representative does not necessarily show inadequacy, if they both seek the same outcome. . . . However, interests need not be wholly "adverse" before there is a basis for concluding that existing representation of a "different" interest may be inadequate.'" (quoting *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967))). "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). A disagreement over litigation strategy, however, does not establish inadequate representation. *Bradley*, 828 F.2d at 1192.

A.  **Michigan Farm Bureau**

The Michigan Farm Bureau contends that the existing Plaintiffs do not adequately represent its interests. According to the Farm Bureau, Plaintiffs have challenged the Clean Water

5

Rule "on the basis that it oversteps congressional authority pursuant to the Clean Water Act[] and that [it] impinges on the states' primary authority over land and water use." (Mich. Farm Bureau's Mot. to Intervene at 11 [ECF No. 31].) The Farm Bureau "agrees fully" with those arguments but still insists that Plaintiffs' state sovereignty claims cannot adequately address the Farm Bureau's more focused concerns over "*complying* with the [Clean Water] Rule and the Clean Water Act more generally." (*Id.*) As an example, the Farm Bureau notes that Michigan "is home to many specialty crop industries . . . that will be greatly impacted by the Rule's application to 'adjacent waters.'" (*Id.* at 12.) These interests, the Farm Bureau insists, "cannot be adequately protected by any other governmental party to this litigation, including the State of Michigan, because the other parties are not primarily concerned with the Rule's impact on the farming industry within Michigan." (*Id.*)

The Court disagrees. The existing Plaintiffs adequately represent the Michigan Farm Bureau. The Farm Bureau does not allege collusion between Plaintiffs and the Agencies. Nor does the Farm Bureau allege that Plaintiffs have failed in their role as representatives. And crucially, Plaintiffs do not hold interests adverse to the Farm Bureau's. Rather, both the Farm Bureau and the existing Plaintiffs share the same ultimate objective in this litigation: injunctive relief setting aside the Clean Water Rule. (Pls.' Am. Compl. at 17 [ECF No. 20]; Mich. Farm Bureau's Compl. at 25–26 [ECF No. 31-1].) Thus, to intervene as of right, the Farm Bureau must overcome a presumption of adequate representation by showing that there is substantial doubt as to whether its interests are being adequately represented by Plaintiffs. *See Bradley*, 828 F.2d at 1192; *Ford Dev. Corp.*, 2010 WL 3365927, at *4.

The Farm Bureau attempts to overcome this presumption by pointing out that its interests are different from Plaintiffs'. As an initial matter, Plaintiffs' interests in this litigation appear to

6

be broader than the Farm Bureau alleges. Indeed, the Plaintiff States explicitly note that the Clean Water Rule has injured them in their role "as guardians of the interests of their residents." (Pls.' Am. Compl. ¶ 6.) But even if the Court accepts that Plaintiffs oppose the Clean Water Rule primarily "for reasons of state sovereignty and federalism" and that the Farm Bureau's interests "are unique to [Michigan's] extensive farming industry," (Mich. Farm Bureau's Mot. to Intervene at 12), the Farm Bureau and the existing Plaintiffs still share the same ultimate goal of enjoining the Clean Water Rule's application. In seeking this injunction, the Farm Bureau proposes causes of action that are nearly identical to the cause of action that Plaintiffs have already asserted under the Administrative Procedure Act. (Pls.' Am. Compl. ¶¶ 54–65; Mich. Farm Bureau's Compl. ¶¶ 60–67.) And although the Farm Bureau suggests that it might advance arguments that Plaintiffs would neglect or decline to make, the Farm Bureau does not specifically identify any such argument. (Mich. Farm Bureau's Mot. to Intervene at 11–12.) In sum, the distinctions between Plaintiffs and the Farm Bureau resemble a dispute over litigation strategy, not a difference in interests capable of casting substantial doubt on the adequacy of Plaintiffs' representation. Because Plaintiffs adequately represent the Farm Bureau's interests in this case, the Farm Bureau is not entitled to intervene as of right under Rule 24(a).

**B.    Environmental Groups**

The Environmental Groups also insist that they are not adequately represented by the existing parties. As the Environmental Groups explain, their interests, "although partially aligned with those of the Agencies, are sufficiently distinct to make the government an inadequate representative." (Envtl. Grps.' Mot. to Intervene at 16 [ECF No. 43].) The Environmental Groups generally support the Clean Water Rule, but "they have also filed narrow challenges to certain provisions of the Rule that limit the Rule's reach." (*Id.*) Thus, because the Environmental

Groups believe that the Clean Water Rule "does not go far *enough* in identifying waters protected under the Clean Water Act, the Groups may make different arguments than the Agencies." (*Id.* at 16–17.) The Environmental Groups also claim that the Agencies' representation is inadequate because "the Agencies may be open to settling the suit on terms different than the [Environmental] Groups would accept." (*Id.* at 17.) Finally, the Environmental Groups propose that their position might differ from the Agencies' position on questions of state sovereignty. (*Id.*)

The proposed Answer filed by the Environmental Groups requests the same outcome for this litigation that the Agencies likely seek: an award of judgment in favor of the defense and a denial of Plaintiffs' request for injunctive relief. (Envtl. Grps.' Answer at 17–18 [ECF No. 43-5].) Given that the Environmental Groups and the Agencies share the same ultimate objective in this litigation, the Court presumes that the Agencies adequately represent the Environmental Groups. *See Bradley*, 828 F.2d at 1192. To overcome this presumption, the Environmental Groups must show that there is substantial doubt as to whether their interests are being adequately represented by the Agencies. *See Ford Dev. Corp.*, 2010 WL 3365927, at *4. The Environmental Groups have failed to make this showing.

The Environmental Groups do not allege that the Agencies have colluded with Plaintiffs or failed as representatives. Instead, the Environmental Groups allege that they and the Agencies' share only a partial alignment of interests because (i) the Environmental Groups believe that the Clean Water Rule should have further expanded the Clean Water Act's coverage and because (ii) the Environmental Groups and the Agencies might adopt differing positions on questions of state sovereignty. (Envtl. Grps.' Mot. to Intervene at 16–17.) The Environmental Groups, however, do not explain how these differences establish a substantial doubt as to the

8

Agencies' representation. The Environmental Groups do not identify any arguments that they would advance that the Agencies would neglect or decline to make. And assuming that these theoretical differences actually manifest themselves as distinct arguments, the dispute between the Environmental Groups and the Agencies would likely amount to one over litigation strategy.

The Environmental Groups also contend that, as a result of these allegedly differing interests, the Agencies might be willing to settle this suit on different terms than would the Environmental Groups. (Envtl. Grps.' Mot. to Intervene at 17.) The Environmental Groups do not provide any explanation, however, as to what terms they might accept as compared to those terms that the Agencies might accept. On the settlement issue, the Environmental Groups also engage in unfounded speculation. Nothing presented by the Environmental Groups indicates that either of the parties would be willing to settle this case—let alone settle this case through changes to the existing Clean Water Rule. Plaintiffs seek to permanently enjoin the application of the Clean Water Rule; if the Agencies still desire to clarify the Clean Water Act, Plaintiffs insist that the Agencies "propose a *new rule* that is consistent with the terms of the Clean Water Act and the Constitution of the United States." (Pls.' Am. Compl. at 17 (emphasis added).) Because the Environmental Groups have not shown that there is a substantial doubt as to whether their interests are being adequately represented by the Agencies, the Environmental Groups are not entitled to intervene as of right under Rule 24(a).

### III. PERMISSIVE INTERVENTION

The Michigan Farm Bureau and the Environmental Groups also move for permissive intervention. Under Federal Rule 24(b), the Court may permit anyone to intervene who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Once these two requirements are established, the

9

district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

In support of its motion for permissive intervention, the Michigan Farm Bureau purports to rely on "the same substantial interests that give [the Farm Bureau] a right to intervene in this case [as of right] under Rule 24(a)(2)." (Mich. Farm Bureau's Mot. to Intervene at 13 [ECF No. 31].) The Farm Bureau contends that it filed a timely motion and that its claims share questions of law and fact with the claims asserted by Plaintiffs. (*Id.*) Because proceedings in this case have been essentially stayed pending the Sixth Circuit's decision regarding jurisdiction and because the Agencies have yet to file an answer, the Farm Bureau notes that its intervention will not unduly prejudice the parties or delay the case. (*See id.* at 14.)

The Environmental Groups argue that they also meet the requirements for permissive intervention. The Environmental Groups allege that their motion was timely, that their arguments share at least one common question of law or fact with the main action, and that their intervention will not delay the litigation or prejudice the existing parties. (Envtl. Grps.' Mot. to Intervene at 18 [ECF No. 43].)[3]

Both the Michigan Farm Bureau and the Environmental Groups filed timely motions to intervene. Likewise, both motions involve questions of law or fact common with the main action.

---

[3] The Environmental Groups also argue that intervention is appropriate here because in cases involving "an issue of substantial public interest" the test for intervention "should be judged more leniently." (Envtl. Grps.' Mot. to Intervene at 19.) For this proposition, the Environmental Groups cite a case from the Tenth Circuit and a case from the Eleventh Circuit. *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007); *Howard v. McLucas*, 782 F.2d 956, 969 (11th Cir. 1986). The Environmental Groups do not provide any citation to suggest that the Sixth Circuit or the Southern District of Ohio have adopted a more lenient test for intervention in cases involving "an issue of substantial public interest." (*See* Envtl. Grps.' Mot. to Intervene at 19.) Having considered the issue, under these circumstances the Court declines the Environmental Groups' invitation to judge their motion more leniently.

10

Nonetheless, permissive intervention is not appropriate here. As described earlier, the proposed intervenors are already adequately represented in this case. And although the Farm Bureau and the Environmental Groups have argued that they might present arguments different from those that the existing parties would present, neither of the proposed intervenors has identified a distinct argument that it might advance. Given that the Farm Bureau and the Environmental Groups share nearly identical interests, and arguments, with the existing parties, permitting those groups to intervene would unnecessarily complicate this case and delay the proceedings. The complications of permitting three additional parties to join the lawsuit would be especially burdensome at any hearings in this case—hearings at which five parties would need to present arguments, five parties would need to present witnesses, and five parties would need to conduct cross examinations.

In denying the motions to intervene, the Court does not completely bar the proposed intervenors from participating in this case. The Court welcomes, and will consider, amicus briefs submitted by the Farm Bureau or the Environmental Groups. As noted above though, joining the case as a party is a different—and more burdensome—matter. Permitting the Farm Bureau and the Environmental Groups to participate in the case as amici curiae offers those groups a venue to raise any unique arguments that they develop, and it averts the complications and delay associated with adding three additional parties to this litigation. *Cf. Stupak-Thrall*, 226 F.3d at 475 ("We have held . . . that the concerns of an entity seeking intervention can be presented with complete sufficiency through [amicus] participation."); *Bradley*, 828 F.2d at 1194 (affirming the denial of motions to intervene permissively and as of right in part because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [their counsel] to appear as amicus curiae in the case"); *Penick v. Columbus Educ. Ass'n*, 574 F.2d 889, 890–91

(6th Cir. 1978) (affirming the district court's denial of a motion to intervene permissively or as of right but allowing the proposed intervenor to participate as amicus curiae); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975) (affirming the district court's denial of a motion for permissive intervention, noting that if the proposed intervenor "accepts the District Court's invitation to participate in the litigation as an amicus curiae," it would afford the organization "ample opportunity to give the court the benefit of its expertise"); *Thornton v. E. Tex. Motor Freight, Inc.*, 454 F.2d 197, 198 (6th Cir. 1972) (affirming the district court's denial of a motion to intervene permissively or as or right but allowing the proposed intervenor to participate as amicus curiae).

### IV. CONCLUSION

For the foregoing reasons, the motions to intervene filed by the Michigan Farm Bureau [ECF No. 31] and the Environmental Groups [ECF No. 43] are **DENIED**.

**IT IS SO ORDERED.**

2-8-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

12