UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

STATE OF OHIO, et al.,

    Plaintiffs,

        v.

U.S. ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants.
_____

Case No. 2:15-cv-02467
Chief Judge Sargus
Magistrate Judge Jolson

**UNOPPOSED MOTION OF THE STATES OF NEW YORK, WASHINGTON, CALIFORNIA, MARYLAND, NEW JERSEY, OREGON, RHODE ISLAND AND VERMONT, THE COMMONWEALTH OF MASSACHUSETTS, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The States of New York, Washington, California, Maryland, New Jersey, Oregon, Rhode Island and Vermont, the Commonwealth of Massachusetts, and the District of Columbia (the Amici States) hereby move for leave to file an amicus curiae brief in opposition to plaintiffs' motion for a preliminary injunction. This motion is unopposed.

## ARGUMENT

Participation as amicus curiae is "a privilege within the sound discretion of the courts . . . depending upon a finding that the proffered information is timely, useful or otherwise necessary to the administration of justice." *Ball v.*

*Kasich*, 2017 U.S. Dist. LEXIS 116145, at *24 (S.D. Ohio, Sargus, C.J., July 25, 2017) (citations and internal quotations omitted). A non-party "may submit a brief as an amicus curiae in order to assist the court in reaching a proper decision." *Rowland v. GGNSC Ripley, LLC*, 2016 U.S. Dist. LEXIS 101733, at *10 (N.D. Miss. August 3, 2016) (citing *Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 136 (D.D.C. 2008)). "An amicus brief should normally be allowed" if the amicus "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp.2d 974, 975 (E.D. Wash. 1999).

Here the Amici States have their own interests in this matter that are distinct from those of the parties. The Amici States are situated along the shores of the Atlantic and Pacific Oceans, the Chesapeake Bay and its tributaries, the Great Lakes, and Lake Champlain and are downstream from, or otherwise hydrologically connected with many of the Nation's waters. As such, the Amici States are recipients of water pollution generated not only within their borders but also from sources outside their borders over which they lack jurisdiction. The Amici States require a protective, clear, practical, and science-based definition of "waters of the United States" under the Clean Water Act in order to maintain a strong federal foundation for water pollution control that preserves the integrity of their waters.

2

Enjoining the Clean Water Rule would implicate the environmental interests of the Amici States and their citizens, and affect the Amici States' proprietary interests. The Amici States own, operate, finance and manage property within their borders, including lands, roads, bridges, buildings, drinking water systems, sewage and stormwater treatment or conveyance systems, and other infrastructure and improvements. Inadequate or ineffective protection of waters under the Clean Water Act, such as floodplain waters which mitigate the damaging effects of floods, will cause harm to the States' properties and increase the costs of operating and managing them.

The Clean Water Rule that plaintiff States seek to enjoin would protect the Amici States' environmental and proprietary interests by strengthening and clarifying Clean Water Act protections of waters within the Amici States' jurisdictions, and by helping to ensure that polluted water from other states does not flow into the Amici States' waters. Granting the Amici States amicus status should not delay these proceedings nor prejudice the other parties who are unopposed to this motion.

## CONCLUSION

For the foregoing reasons, the Amici States respectfully request that this Court grant their motion for leave to file the attached amicus curiae brief.

DATED: July 24, 2018

Respectfully submitted,

BARBARA D. UNDERWOOD
Attorney General
State of New York
Environmental Protection Bureau
350 Main Street, Suite 300 A
Buffalo, NY 14202

ROBERT W. FERGUSON
Attorney General
State of Washington

s/ Jeffrey G. Rupert
JEFFREY G. RUPERT
(WA Bar No. 45037)
Trial Attorney
Washington Attorney General's Office
Division Chief
Complex Litigation Division
800 Fifth Ave., Suite 2000
Seattle, WA 98104
206-389-2116
JeffreyR2@atg.wa.gov

XAVIER BECERRA
Attorney General
State of California
Office of the Attorney General
300 South Spring Street
Los Angeles, CA  90013

BRIAN E. FROSH
Attorney General
State of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202

ELLEN F. ROSENBLUM
Attorney General
State of Oregon
Natural Resources Section
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301-4096

GURBIR S. GREWAL
Attorney General
State of New Jersey
Office of the Attorney General
Division of Law, Environmental
Practice Group
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, N.J. 08625

THOMAS J. DONOVAN, JR.
Attorney General
State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001

PETER F. KILMARTIN
Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

MAURA HEALEY
Attorney General
Commonwealth of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108

KARL A. RACINE
Attorney General
District of Columbia
Office of the Attorney General
of the District of Columbia
441 Fourth Street N.W., Ste # 600-S
Washington, D.C. 20001