UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE STATE OF OHIO, et al.,**

  **Plaintiffs,**

 v.

**UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,**

  **Defendants.**

Case No. 2:15-cv-2467
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on a Renewed Motion to Intervene and Motion to Reconsider the Denial of Intervention filed jointly by the Natural Resources Defense Council ("NRDC") and the National Wildlife Federation ("NWF") (collectively, the "Environmental Groups"). (ECF No. 62). The Court has previously denied a joint motion to intervene filed by the Environmental Groups. (*See* Feb. 8, 2016 Op. & Order [ECF No. 46]). The Environmental Groups again seek to intervene as defendants in this case. For the following reasons, the Environmental Groups' motion (ECF No. 62) is **GRANTED**.

### I.

The Clean Water Act (the "Act") was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To promote this purpose, the Act prohibits "the discharge of any pollutant" defined as "any addition of any pollutant to navigable waters from any point source." *Id.* §§ 1311(a), 1362(12). Further, the Act defines "navigable waters" to mean "waters of the United States, including the territorial seas." *Id.* § 1362(7). "Because many of the Act's substantive provisions apply to 'navigable waters,' the

statutory phrase 'waters of the United States' circumscribes the geographic scope of the Act in certain respects." *Nat'l Ass'n of Mfrs. V. Dep't of Def.*, 138 S. Ct. 617, 624 (2018).

Plaintiffs State of Ohio and State of Michigan filed the case at bar on June 29, 2015, against the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers (collectively, "the Agencies"). [ECF No. 1]. On July 23, 2015 an Amended Complaint was filed and the State of Tennessee joined with Ohio and Michigan (collectively, "Plaintiffs") as a Plaintiff in this matter. [ECF No. 20]. Plaintiffs have challenged the final rule (the "Clean Water Rule") issued by the Agencies on June 29, 2015 that defined "Waters of the United States." (Pls.' Am. Compl. ¶¶ 1–8, 54–65 [ECF No. 20]). The Amended Complaint contains two causes of action, one brought under the Administrative Procedure Act[1] and one brought under "the structural federalism provisions of the United States Constitution including the Tenth Amendment." (*Id.* ¶¶ 54–65). Plaintiffs challenge the Clean Water Rule, as it allegedly: 1) extends the scope of the Clean Water Act's protections beyond the reach of the statute's language; 2) contradicts United States Supreme Court precedent; 3) attempts to extend federal authority beyond the limits established under the United States Constitution; and 4) was promulgated in violation of the notice and comment procedures required under the Administrative Protection Act, 5 U.S.C. §§ 553(b)–(c), 706(2). (*Id.*).

In accordance with the Supreme Court's ruling in *Nat'l Ass'n of Mfrs. v. Dep't of Def., et al.*, 138 S. Ct. 617 (2018)[2], this action is currently back before this Court. The Environmental

---

[1] Plaintiffs' first cause of action is brought under 5 U.S.C. § 706(2)(A)–(C). (Pls.' Am. Compl. ¶ 57). It also appears that Plaintiff's first cause of action is brought under § 706(2)(D). (*See id.* ¶ 59).
[2] This matter was previously dismissed for lack of subject matter jurisdiction following the Sixth Circuit's finding that exclusive jurisdiction to decide matters arising out of the Clean Water Act's regulatory scheme to rest with the Circuit Courts. *See In re U.S. Dep't of Def. & U.S.*

2

Groups first moved to intervene as defendants in this matter on November 24, 2015. (*See* Envtl. Grps.' Mot to Intervene [ECF No. 43]). The Court denied the Environmental Groups' previous Motion to Intervene, finding that the Environmental Groups failed to rebut the presumption that their interests were adequately represented by the Agencies. (Feb. 8, 2016 Op. & Ord. at 8–9 [ECF No. 46]). The Environmental Groups again move to intervene as defendants in this matter. (*See* Mot. for Reconsideration [ECF No. 62]). Accompanying their Motion was one declaration[3] [ECF No. 62-1] and a proposed Answer [ECF No. 62-2].

The Environmental Groups seek to intervene as of right under Federal Rule of Civil Procedure 24(a) and, alternatively, through permissive intervention under Federal Rule 24(b). Plaintiffs and the Agencies have declined to take a position on the Environmental Groups' renewed Motion to Intervene. (Mot. for Reconsideration at 6).

## II. MOTION FOR RECONSIDERATION

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). However, "[a]s a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)); *see also Rodriguez v. Tenn.*

---

*E.P.A. Final Rule: Clean Water Rule: Definition of Waters of U.S.*, 817 F.3d 261, 266–73 (6th Cir. 2016), *rev'd by Nat'l Ass'n of Mfrs.*, 138 S. Ct. 617 (2018).

[3] Contained in this one declaration are nine other declarations and an article by Philip Brasher entitled "Pruitt: EPA rewrite will limit reach of WOTUS rule." (*See* ECF No. 62-1 at 2–3).

3

*Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012).

The Environmental Groups contend that new evidence not previously discoverable justifies reconsideration of their motion to intervene; primarily that the Agencies are now working towards repealing the Clean Water Rule, rather than defending it. (Mot. for Reconsideration at 5–6). The Environmental Groups specifically point to: 1) Executive Order No. 13,778, § 2(a), requiring the Agencies to review the Clean Water Rule's definition of "Waters of the United States;" *see* Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017); 2) the Agencies' publication of a proposed rule that formally repeals the Clean Water Rule; *see* Definition of "Waters of the United States"— Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899-01 (proposed July 27, 2017) (to be codified at 33 C.F.R. pt. 328 & 40 C.F.R. pts. 110, 112, 116, 117, 122, 230, 232, 300, 302, and 401); 3) the Agencies' decision to suspend application of the Clean Water Rule until February 6, 2020 (the "Suspension Rule");[4] *see* Definition of "Waters of the United States"—Addition of an Applicability Date to 2015 Clean Water Rule, 83 Fed. Reg. 5,200-01 (Feb. 6, 2018) (to be codified at 33 C.F.R. pt. 328 & 40 C.F.R. pts. 110, 112, 116, 117, 122, 230, 232, 300, 302, and 401); and 4) the Agencies' decision to not defend the merits of the Clean Water Rule in other related cases. (Mot. for Reconsideration at 5–6, 13–14, 14 n.3 and n.4).

As noted, the Court generally disfavors reconsideration of previous Orders. However, the evidence submitted by the Environmental Groups presents one of the rare situations in which reconsideration is proper.

---

[4] The Court takes notice that a Federal District Court for the District of South Carolina has subsequently enjoined the application of the Suspension Rule; the enjoinder is effective in all states that have not obtained a preliminary injunction of the Clean Water Rule. *S.C. Coastal Conservation League, et al. v. Pruitt, et al.*, No. 2:18-cv-330, ECF No. 66 (D.S.C. Aug. 16, 2018).

4

### III. INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24(a) entitles certain parties to intervene in a lawsuit as of right. A proposed intervenor must establish four elements to be entitled to intervene under that Rule: (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that the intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent the intervenor's interest. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007).

Rule 24 is broadly construed in favor of potential intervenors. *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). "But this does not mean that Rule 24 poses no barrier to intervention at all." *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000). The Court must deny the motion to intervene if the potential intervener fails to satisfy any of the Rule 24(a) elements. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). As before, the pending motion to intervene hinges on the Court's determination of the fourth Rule 24(a) element—whether the existing parties adequately represent the potential intervenor's interests.

"[P]roposed intervenors bear the burden of demonstrating inadequate representation." *Purnell*, 925 F.2d at 949. The Sixth Circuit looks to several factors to determine whether representation is adequate: (1) whether there is collusion between the representative and an opposing party; (2) whether the representative fails in the fulfillment of its duty; and (3) whether the representative has an interest adverse to the proposed intervenor. *Id.* at 949–50 (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227–28 (6th Cir. 1984)). When a proposed intervenor and an existing party to the suit share the same ultimate objective in the litigation, courts presume that the existing party adequately represents the intervenor's interests. *Bradley v. Milliken*, 828 F.2d 1186,

1192 (6th Cir. 1987); *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Ford Dev. Corp.*, No. 2:10-cv-140, 2010 WL 3365927, at *4 (S.D. Ohio Aug. 20, 2010). A proposed intervenor can overcome this presumption of adequacy by showing "that there is substantial doubt about whether [the intervenor's] interests are being adequately represented by an existing party." *Ford Dev. Corp.*, 2010 WL 3365927, at *4 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990) ("'[T]hat there is a slight difference in interests between the [proposed intervenors] and the supposed representative does not necessarily show inadequacy, if they both seek the same outcome.... However, interests need not be wholly "adverse" before there is a basis for concluding that existing representation of a "different" interest may be inadequate.'" (quoting *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967)).

Due to a change in circumstance, it now appears that the Environmental Groups and the Agencies no longer have the same ultimate objective. The Agencies: 1) are currently working towards repealing the Clean Water Rule; *see* 82 Fed. Reg. 34,899-01 (proposed July 27, 2017); *see also* Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017); 2) have sought to delay the implementation of the Clean Water Rule until February 6, 2020;[5] 83 Fed. Reg. 5,200-01 (Feb. 6, 2018); and 3) have not defended the merits of the Clean Water Rule in other related cases; (Mot. for Reconsideration at 14 n.3 and n.4). The Environmental Groups still seek to defend the validity of the Clean Water Rule. (Mot. for Reconsideration at 6; *see also* Envtl. Grps.' Proposed Ans. [ECF No. 62-2]).

---

[5] As noted, *supra*, the Clean Water Rule is in effect in all states that have not obtained a preliminary injunction of the Clean Water Rule. *See S.C. Coastal Conservation League*, No. 2:18-cv-330, ECF No. 66.

As the Agencies and the Environmental Groups no longer have the same ultimate objective in the litigation, there is no presumption that the Agencies adequately represent the Environmental Groups' interests. *See e.g. Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006). Without intervention, the Clean Water Rule, as it currently stands, would be without defense. As such, the Court finds that intervention as of right under Rule 24(a) is appropriate.

### IV.

For the foregoing reasons, the Environmental Groups' Renewed Motion to Intervene (ECF No. 62) is **GRANTED**. The Clerk is **DIRECTED** to file the Environmental Groups' Answer that is currently filed as an exhibit to their Motion to Intervene (ECF No. 62-2).

**IT IS SO ORDERED.**

2-1-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**