# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THE STATE OF OHIO,** *et al.,*

        **Plaintiffs,**           Case No. 2:15-cv-02467

**v.**           **Judge Sargus**

**UNITED STATES ENVIRONMENTAL**           **Magistrate Judge King**
**PROTECTION AGENCY,** *et al.,*

        **Defendants.**

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, the States of Ohio and Tennessee, respectfully request that this Court reconsider its Opinion and Order (ECF No. 86)("Order") denying Plaintiffs' Renewed Motion for Preliminary Injunction (ECF No. 58).

As explained more fully in the accompanying memorandum in support of this motion, reconsideration is warranted because the Order was based largely on an inaccurate statement of the Defendant Agencies' current position relative to preliminary relief and the current status of the Defendant Agencies' rulemaking proceedings related to the definition of "waters of the United States." When these inaccuracies are corrected, it is clear that preliminary relief is necessary to protect Ohio and Tennessee from irreparable harm and to protect the public from an undesirable and inefficient patchwork of regulation. Because the future of Defendant Agencies' rulemaking efforts is uncertain, Plaintiffs respectfully request that this Court reconsider its Order and grant Plaintiffs' request for a preliminary injunction in this case.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/Lawrence Helkowski*

LAWRENCE HELKOWSKI* (0068622)
  **Trial Counsel* (for all Plaintiffs)
Assistant Attorney General
30 E. Broad Street, 25th Floor
Columbus, OH 43215
614-466-2766 – Telephone
Lawrence.Helkowski@OhioAttorneyGeneral.gov

*/s/Jonathan D. Blanton*

JONATHAN D. BLANTON (0070035)
Assistant Attorney General
30 E. Broad Street, 17th Floor
Columbus, OH 43215
614-728-1171 – Telephone
Jonathan.Blanton@OhioAttorneyGeneral.gov

*/s/Amber Wootton Hertlein*

AMBER WOOTTON HERTLEIN (0083858)
Assistant Attorney General
30 E. Broad Street, 25th Floor
Columbus, OH 43215
614-466-2766 – Telephone
Amber.Hertlein@OhioAttorneyGeneral.gov

*Counsel for Plaintiff State of Ohio*



HERBERT H. SLATTERY III
Tennessee Attorney General and Reporter

BARRY TURNER
Deputy Attorney General

ELIZABETH P. McCARTER (10531)
Senior Counsel
Office of the Attorney General and Reporter

2

        Environmental Division
        P.O. Box 20207
        Nashville, TN 37202
        615-532-2582 – Telephone
        615-741-8724 – Facsimile
        lisa.mccarter@ag.tn.gov

        *Counsel for Plaintiff State of Tennessee*

## MEMORANDUM IN SUPPORT OF RECONSIDERATION

### INTRODUCTION

On March 26, 2019, this Court denied Plaintiffs' Motion for a Preliminary Injunction that was originally filed on November 3, 2015 (ECF No. 39) and renewed on May 21, 2018 (ECF Nos. 58, 64).  Plaintiffs' motion sought to maintain the pre-2015 status quo while the 2015 Rule remains entrenched in litigation and to prevent a nationwide "patchwork" of federal regulation. (*See* ECF Nos. 39, 64).  Although Plaintiffs' position regarding the need for preliminary relief has remained constant since the beginning of this litigation, the surrounding circumstances have drastically shifted; namely, litigation in other courts and a new proposed definition of "Waters of the United States" have resulted in the patchwork regulation that Plaintiffs seek to prevent in their respective states.

At the time Plaintiffs filed their Renewed Motion for Preliminary Injunction, the 2015 Rule was not in effect in Ohio, Tennessee, or any other state because the Defendant Agencies had promulgated a rule delaying the applicability date of the 2015 Rule ("Applicability Date Rule")(83 Fed. Red. 5200 (Feb. 6, 2018)). However, the Applicability Date Rule was itself challenged in separate litigation, with the federal district court in South Carolina enjoining the Applicability Date Rule nationwide.  *See S.C. Coastal Conservation League v. Pruitt*, No. 2:18-cv-330 (D.S.C. Aug. 16, 2018).  With that ruling, the 2015 Rule became immediately applicable in states not protected by a preliminary injunction, including Ohio and Tennessee.

Although the Defendant Agencies had originally argued that preliminary relief in this litigation was unnecessary because the Applicability Date Rule made immediate irreparable harm unlikely (ECF No. 66), the Defendant Agencies' position shifted after the Applicability Date Rule was enjoined.  On August 24, 2018, the Defendant Agencies filed a Notice in this

4

Court "withdraw[ing] their argument that there is not any immediacy associated with the Plaintiffs' allegation that the 2015 WOTUS Rule causes them irreparable harm." (ECF No. 73 at 2). The Defendant Agencies explained that "the South Carolina court's decision . . . [had] reestablish[ed] a confusing and shifting regulatory landscape" that "would be complicated and inefficient for both the public and the agencies." (ECF No. 73 at 3). As the Defendant Agencies explained in their most recent status update, the upshot of the injunction of the Applicability Date Rule is that "the 2015 Rule has been applicable since August 18, 2018, in 22 states," including Ohio and Tennessee. (ECF No. 82 at 3).

These procedural changes are highly relevant to the decision to grant or deny a preliminary injunction in this case. In denying Plaintiffs' Motion for a Preliminary Injunction, the Court relied on the Defendant Agencies' original argument that there was not any immediacy associated with Plaintiffs claims; however, the Defendant Agencies later withdrew this argument. Additionally, the Order states that the 2015 Rule has been rescinded or suspended; yet the 2015 Rule is actually in effect at this time due to the District of South Carolina's ruling that blocked Defendant Agencies' efforts to suspend the 2015 Rule while they crafted a new definition. The South Carolina ruling enjoined the Applicability Date Rule, and made the 2015 Rule applicable immediately in all states where a preliminary injunction has not been granted.

For these reasons, Plaintiffs continue to believe that a Preliminary Injunction is necessary to prevent a manifest injustice and request that the Court reconsider its denial of the same.

## MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e), a court may reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered

evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Assn v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 U.S. Dist. LEXIS 87113, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Reconsideration is also appropriate if the original ruling "overlook[ed] or disregard[ed]" an "argument or controlling authority." *Coleman v. United States*, No. 2:15-cv-2875, 2017 WL 2266881, at *2 (S.D. Ohio May 23, 2017).

In the present case, reconsideration is appropriate because the Order seemingly does not consider the Defendant Agencies' change in position regarding the imminent need for a preliminary injunction. Additionally, the Order mischaracterizes the current status of the 2015 Rule, holding that the 2015 Rule has been either rescinded or suspended, when in fact, the 2015 Rule is presently in effect in Ohio and Tennessee.

**1. The Defendant Agencies' Position**

The South Carolina decision enjoining the Applicability Date Rule changed the landscape of WOTUS-related litigation and regulation to such an extent that the Defendant Agencies withdrew their earlier arguments related to the immediacy of Plaintiffs' alleged harm. (ECF No. 73). While the Order correctly articulates the original position of the Defendant Agencies, it does not acknowledge the change in their position following the South Carolina court's decision enjoining the Applicability Date Rule.

The Order states: "[t]he Agencies aver that a preliminary injunction is unnecessary since there is no imminent harm to the States due to the enactment of the Applicability Rule." Order at 4; *see also id.* at 6 ("The Agencies . . . aver[] that the States have failed to demonstrate that they would suffer irreparable harm . . .."). This is not the Defendant Agencies' current position. After the Applicability Date Rule was enjoined, the Defendant Agencies filed a notice informing the Court that they were "withdraw[ing] their argument that there is not any immediacy associated with the Plaintiffs' allegation that the 2015 WOTUS Rule causes them irreparable harm." (ECF No. 73 at 2). The Defendant Agencies emphasized that the South Carolina court's injunction had "reestablishe[d] a confusing and shifting regulatory landscape" that "would be complicated and inefficient for both the public and the agencies." *Id.* at 3. The Order does not cite the Defendant Agencies' notice, acknowledge the Defendant Agencies' change in position, or consider their argument that regulatory inconsistency would be harmful.

The Defendant Agencies argued previously that it "would serve the public interest to maintain the pre-2015 WOTUS Rule regulatory framework for the time being so that there is only one regulatory definition of "waters of the United States" governing the scope of CWA-protected waters throughout the United States. (ECF No. 66 at 7). They go on to argue that a "patchwork" of regulation is not desirable. (*Id.*) The Defendant Agencies reiterated these arguments in their notice filed after the South Carolina decision. (ECF No. 73 at 3-4).

From the beginning, Plaintiffs have argued for maintaining the status quo of the pre-2015 Rule definition while litigation persists. Defendant Agencies agree that the pre-2015 regulatory status quo should govern. Plaintiffs and Defendant Agencies now also agree that, because the 2015 Rule is currently effective in Ohio and Tennessee due to the injunction of the Applicability Date Rule, Plaintiffs' alleged harm is imminent. The Defendant Agencies' change in position is

7

material to the preliminary injunction analysis and, when considered, makes clear that preliminary relief is warranted.

While the mechanics of maintaining the status quo and preventing "patchwork" regulation may have changed, Plaintiffs and Defendant Agencies now agree that maintaining the pre-2015 regulatory status quo is necessary. Because this Court's earlier Order denying preliminary relief was based largely on the Agencies' previous position that any harm was not imminent and overlooked the Agencies' change in position after the Applicability Date Rule was enjoined, this Court should reconsider its decision and grant preliminary relief.

**2. Status of the 2015 Rule**

The changing status of the 2015 Rule and its applicability across the country are also problematic. As it stands today, the 2015 Rule is in effect in 22 states, including Ohio and Tennessee. The pre-2015 Rule scheme remains in effect in the majority of the country. This is true despite the Defendant Agencies' attempts to suspend the 2015 Rule. To date, the Defendant Agencies' proposals to rescind the 2015 Rule and enact a new definition of "waters of the United States" are just that—merely proposals. Because these proposals are not yet final, the South Carolina court's nationwide injunction of the Applicability Date Rule places Ohio, Tennessee, and 20 other states in a minority of states that were made immediately subject to the 2015 Rule.

This Court's Order denying Plaintiffs preliminary relief failed to appreciate the preliminary status of the Defendant Agencies' rulemaking. The Order states that, "[w]hile any violation of the Constitution is undoubtedly serious, the alleged offending action of the federal government has been rescinded or, at least, suspended by the same agency." Order at 7. This characterization of the current status of the 2015 Rule and the Defendant Agencies' rulemaking proceedings is incorrect. The Defendant Agencies have proposed to rescind the 2015 Rule, but it

8

has not yet been rescinded or replaced.  And since the Applicability Date Rule is now subject to the South Carolina court's nationwide injunction, the 2015 Rule is currently fully effective in Ohio, Tennessee, and other States not protected by an injunction.  This point is critical to a proper analysis of the preliminary injunction factors, as the Defendant Agencies' change in position demonstrates.

Despite Plaintiffs' and Defendant Agencies' agreement that the pre-2015 regulatory framework should govern and that a patchwork of regulation would harm both the public and the Defendant Agencies, the effect of this Court's Order is to leave Ohio and Tennessee subject to the 2015 Rule while 28 other States are governed by the pre-2015 regulatory framework.  To the extent that this Court's Order was based on an inaccurate understanding of the Agencies' current position on preliminary relief or of the status of the Agencies' current rulemaking proceedings, reconsideration is warranted to correct a clear legal error or prevent manifest injustice.

## CONCLUSION

The changing status of the applicability of the 2015 Rule and the resulting withdrawal of arguments previously made by the Defendant Agencies are integral to the determination of Plaintiffs' Motion for a Preliminary Injunction.  The Order makes no mention of the Notice filed by the Defendant Agencies following the South Carolina decision.  Additionally, in at least one instance, the Order misstates the current status of the applicability of the 2015 Rule.

When both of these issues are properly considered, it is clear that a preliminary injunction in this case is warranted to maintain the pre-2015 regulatory status quo while this case and other related litigation progresses across the country.  For these reasons, Plaintiffs respectfully request

that this Court reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e) and alter its previous judgment by enjoining the 2015 Rule in this case.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/Lawrence Helkowski*

LAWRENCE HELKOWSKI* (0068622)
 *Trial Counsel* (for all Plaintiffs)
Assistant Attorney General
30 E. Broad Street, 25th Floor
Columbus, OH 43215
614-466-2766 – Telephone
Lawrence.Helkowski@OhioAttorneyGeneral.gov


*/s/Jonathan D. Blanton*

JONATHAN D. BLANTON (0070035)
Assistant Attorney General
30 E. Broad Street, 17th Floor
Columbus, OH 43215
614-728-1171 – Telephone
Jonathan.Blanton@OhioAttorneyGeneral.gov

*/s/Amber Wootton Hertlein*

AMBER WOOTTON HERTLEIN (0083858)
Assistant Attorney General
30 E. Broad Street, 25th Floor
Columbus, OH 43215
614-466-2766 – Telephone
Amber.Hertlein@OhioAttorneyGeneral.gov

*Counsel for Plaintiff State of Ohio*


HERBERT H. SLATTERY III
Tennessee Attorney General and Reporter

BARRY TURNER
Deputy Attorney General

ELIZABETH P. McCARTER (10531)
Senior Counsel
Office of the Attorney General and Reporter
Environmental Division
P.O. Box 20207
Nashville, TN 37202
615-532-2582 – Telephone
615-741-8724 – Facsimile
lisa.mccarter@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

## CERTIFICATE OF SERVICE

     This will certify that the foregoing Notice was filed electronically on April 23, 2019. This filing will be sent to all parties and those who have appeared in the action, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amber Wootton Hertlein*

AMBER WOOTTON HERTLEIN
Assistant Attorney General