UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE STATE OF OHIO, et al.,**

    **Plaintiffs,**

v.

**UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,**

    **Defendants.**

Case No. 2:15-cv-2467
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Currently pending before the Court is Plaintiffs' Motion for Reconsideration of this Court's decision denying preliminary injunctive relief. (ECF No. 88). For the reasons stated herein, Plaintiffs' Motion (ECF No. 88) is **DENIED**.

### I.

Federal Rule of Civil Procedure 59(e) permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). It is within the sound discretion of the district court whether to grant relief under Rule 59(e). *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A Rule 59(e) motion is rarely granted unless the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A party should not use a motion for reconsideration as a vehicle to re-hash old arguments that could have been argued previously. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

II.

Plaintiffs ask the Court to reconsider its decision denying Plaintiffs' preliminary injunctive relief of the Clean Water Rule. Plaintiffs contend that reconsideration is necessary to "correct a clear legal error or prevent a manifest injustice" as the previous Opinion and Order "was based largely on an inaccurate statement of the Defendant Agencies' current position" on the necessity of preliminary relief. (Mot. for Reconsid. at 1, 9 [ECF No. 88]).

The Court does not agree. Plaintiffs contend that the Court's Order misstates "the current status of the 2015 Rule, holding that the 2015 Rule has been either rescinded or suspended" in the Plaintiff States. (Mot. for Reconsid. at 6). But in the previous Opinion and Order, the Court clearly acknowledged that the 2015 Rule is in effect within the Plaintiff States. (*See* ECF No. 86 at 6 ["And while the States correctly indicate that the Clean Water Rule is effective in their boundaries due to the enjoinder of the Suspension Rule, the States have failed to draw the Court's attention to any particularized harm that they will suffer while this matter remains pending."]).

The fact that the Agencies' position generally mirrors the States' is largely irrelevant. (*Compare* ECF Nos. 71;[1] 73 at 2–5 [both the Agencies and the States submit that preliminary injunctive relief is warranted given the nationwide enjoinder of the Suspension Rule, but the Agencies remain adamant that the injunction should be limited to the Plaintiff States.]). The Court simply was, and continues to be, unpersuaded that compliance with the 2015 Clean Water Rule would result in *irreparable* harm absent preliminary relief. (*Id.*). No evidence was adduced indicating that any irreparable harm would occur, absent a preliminary injunction.

A preliminary injunction is an extraordinary measure that no party is entitled to as a right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674,

---

[1] (*See also* ECF No. 64 at 26–30).

689–90 (2008)). And a Rule 59(e) Motion is not an avenue to rehash old arguments. The States have failed to demonstrate that: 1) the Court, as a matter of law, clearly erred; 2) there has been an intervening change in controlling law that would alter the Court's previous decision; or 3) reconsideration is warranted to prevent a manifest injustice.

## III.

As such, the Plaintiffs Motion for Reconsideration (ECF No. 88) is **DENIED.**

**IT IS SO ORDERED.**

5-1-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**