UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE STATE OF OHIO, et al.,

    Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Defendants,

NATURAL RESOURCES DEFENSE
COUNCIL, INC., *et al.*,

    Intervenor-Defendants

Case No. 2:15-cv-2467
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Renewed Motion for Preliminary Injunction (ECF No. 58), and Supplemental Memorandum in Support of Preliminary Injunction (ECF No. 64). This matter has been fully briefed and is now ripe for review. Also before the Court is the Unopposed Motion to File Brief as Amicus Curiae brought by several states.[1] (ECF No. 67; *see also* ECF No. 68). As no party opposes the amicus briefings, that motion (ECF No. 67) is **GRANTED**. And for the following reasons, Plaintiffs' Motion for a Preliminary Injunction (ECF No. 58) is **DENIED**.

---

[1] The Amici include: the states of New York, Washington, California, Maryland, New Jersey, Oregon, Rhode Island, and Vermont; the Commonwealth of Massachusetts; and the District of Columbia. (ECF No. 67).

I.

This case stems from the Defendant Agencies'[2] ("the Agencies") June 29, 2015 rule that sought to clarify the definition of the "Waters of the United States" (hereinafter, the "Clean Water Rule"). (*See generally* Am. Compl. [ECF No. 20]). The Plaintiff States of Ohio and Tennessee ("the States") challenge the validity of the "the Clean Water Rule." 80 Fed. Reg. 37,054 (June 29, 2015). The Clean Water Rule was promulgated to clarify the definition of "waters of the United States," as used in the Clean Water Act, 33 U.S.C. § 1251 *et seq. Id.* The Clean Water Rule increased the "use of bright-line boundaries" to make "the process of identifying waters protected under the Clean Water Act easier to understand, more predictable and consistent with the law and peer reviewed science, while protecting the streams and wetlands that form the foundation of our nation's water resources." *Id.*

However, the States aver that the Clean Water Rule violates the Administrative Procedure Act[3] as well as the Tenth Amendment to the United States Constitution. (Am. Compl. ¶¶ 54–65). The States challenge the Clean Water Rule, as it allegedly: 1) extends the scope of the Clean Water Act's protections beyond the reach of the statute's language; 2) contradicts Untied States Supreme Court precedent; 3) attempts to extend federal authority beyond the limits established under the United States Constitution; and 4) was promulgated in violation of the notice and comment procedures required under the Administrative Protection Act, 5 U.S.C. §§ 553(b)–(c), 706(2). (*Id.*).

---

[2] The federal agencies that are named defendants in this matter are the United States Environmental Protection Agency and the United States Army Corps of Engineers.
[3] The States' first cause of action is brought under 5 U.S.C. § 706(2)(A)–(C). (Am. Compl. ¶ 57). It also appears that the States' first cause of action is brought pursuant to § 706(2)(D). (*See id.* ¶ 59).

2

The States first sought preliminary injunctive relief in November 2015. (*See* Mot. Prelim. Inj. [ECF No. 39]). However, before this Court considered the merit, the Sixth Circuit Court of Appeals issued a nationwide stay of the application of the Clean Water Rule.[4] *See In re E.P.A.*, 803 F.3d 804 (6th Cir. 2015), *vacated by In re U.S. Dep't of Def., et al.*, 713 F App'x 489 (6th Cir. 2018). However, the Sixth Circuit's stay was lifted following the Supreme Court's ruling in *Nat'l Ass'n of Mfrs v. Dep't of Def., et al.*, 138 S. Ct. 617 (2018). *See In re U.S. Dep't of Def., et al.*, 713 F. App'x 489, 490 (6th Cir. 2018); *see also Nat'l Ass'n of Mfrs.*, 138 S. Ct. at 624 (finding that district courts have original jurisdiction over challenges to the Clean Water Rule).

Lifting of the Sixth Circuit's stay did not result in the immediate application of the Clean Water Rule. The Agencies are currently working towards formally repealing the Clean Water Rule. *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, 82 Fed. Reg. 34,899-01 (proposed July 27, 2017) (to be codified at 33 C.F.R. pt. 328 & 40 & 40 C.F.R. pts. 110, 112, 116, 117, 122, 230, 232, 300, 302, & 401). As such, the Agencies suspended the application of the Clean Water Rule until February 6, 2020 (the "Suspension Rule"). *See* Definition of "Waters of the United States"—Addition of an Applicability Date to 2015 Clean Water Rule, 83 Fed. Reg. 5,200-01 (Feb. 6, 2018) (to be codified at 33 C.F.R. pt. 328 & C.F.R. pts. 110, 112, 116, 117, 122, 230, 232, 300, 302, & 401). A Federal District Court for the District of South Carolina, however, has since enjoined the application of the Suspension Rule in all states that have not obtained an injunction barring implementation of the Clean Water Rule. *See S.C.*

---

[4] The Sixth Circuit imposed the nationwide stay prior to determining whether original jurisdiction to determine challenges to the definition of "navigable waters" rested with the circuit courts or the district courts. *See In re E.P.A.*, 803 F.3d 804, 809 (6th Cir. 2015) (Keith, J., dissenting). The Sixth Circuit later determined that the circuit courts had original jurisdiction to hear such matters. *See In re U.S. Dep't of Def, et al.*, 817 F.3d (6th Cir. 2016), *rev'd by Nat'l Ass'n of Mfrs. v. Dep't of Def., et al.*, 138 S. Ct. 617 (2018).

3

*Coastal Conservation League, et al. v. Pruitt, et al.*, No. 2:18-cv-330, ECF No. 66 (D.S.C. Aug. 16, 2018). The Government has appealed the South Carolina District Court's Order that enjoined the Suspension Rule. The Government also moved the District Court to stay the injunction pending appeal. The District Court has denied that motion. *See id.*, ECF No. 89 (D.S.C. Dec. 4, 2018). As such, the Clean Water Rule is currently in effect in the Plaintiff States.

The States move for a preliminary injunction, submitting that such relief is necessary as: 1) the States are likely to succeed on the merits of their case; 2) the States are currently suffering and will continue to suffer from irreparable harm absent the issuance of an injunction; 3) weighed against the States' interests, an injunction will not result in substantial harms to others; and 4) public interest is served by enjoining the Clean Water Rule. (*See generally* States' Supp. Memo. [ECF No. 64]). The Agencies aver that a preliminary injunction is unnecessary since there is no imminent harm to the States due to the enactment of the Applicability Rule; further the Agencies note that they are actively working towards revoking the Clean Water Rule. (Agencies' Resp. at 1–2 [ECF No. 66]). The Intervenors likewise assert that a preliminary injunction is unnecessary as the States cannot demonstrate imminent harm; additionally, the Intervenors contend that the States have not met their burden in showing that preliminary injunctive relief is warranted. (*See generally* Intervenor Resp. [ECF No. 65]). The Amici also submitted briefing rebutting the States' motion for preliminary injunctive relief. (*See generally* Amici Br. [ECF No. 68]).

## II.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). The decision whether or not to issue a preliminary injunction under Rule 65 of the

4

Federal Rules of Civil Procedure falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

In determining whether to grant a preliminary injunction, courts consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest." *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009); *see also Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). "As long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (*quoting Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)).

A stronger showing of likelihood of success is required as the other factors militate against granting relief, but less likelihood of success is required when they do support granting relief. *Performance Unlimited, Inc. v. Questar Publ'rs, Inc.*, 52 F.3d 1373, 1385–86 (6th Cir. 1995). "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *City of Monroe*, 341 F.3d at 476.

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A preliminary injunction is an extraordinary remedy which should be granted only if the

5

movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

### III.

The States submit that a preliminary injunction of the Clean Water Rule is warranted. (*See generally* States' Supp. Memo.). The Agencies, Intervenors, and Amici rebut the States' submission, averring that the States have failed to demonstrate that they would suffer irreparable harm absent an injunction and, accordingly, an injunction is not proper.[5] (*See generally* Agencies' Resp.;[6] *see also* Intervenors' Resp. at 11–15; Amici Br. at 5–8). As stated *supra*, the Court has discretion in determining whether to grant or deny preliminary injunctive relief and that no party is entitled to such relief as of right. Accordingly, the Court finds that such relief is not warranted as the States have failed to carry their burden in demonstrating that they will suffer irreparable harm absent a preliminary injunction.

Irreparable harm is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2018). And while the States correctly indicate that the Clean Water Rule is effective in their boundaries due to the enjoinder of the Suspension Rule, the States have failed to draw the Court's attention to any particularized harm that they will suffer while this matter remains pending. The Court is unpersuaded by the States' argument that "[u]surpation from the States of their

---

[5] The Intervenors and Amici also dispute that the States are likely to succeed on the merits of their claims and that the balance of harms weighs against granting a preliminary injunction. (*See* Intervenors' Resp. at 15–22; Amici Br. at 9–16). And the Intervenors submit that the balance of harms weighs against granting a preliminary injunction. (Intervenors' Resp. at 22–24).

[6] The Court notes that the Agencies primarily assert that the States have not demonstrated imminent and irreparable harm as, at the time the Agencies filed their brief, the Suspension Rule was in effect and the Clean Water Rule was not effective in the States. (Agencies' Resp. at 11–13).

6

sovereign rights and responsibilities regarding intrastate waters that are not waters of the Untied States would constitute irreparable harm." (States' Supp. Memo. at 28 (*citing Kansas v. United States*, 249 F.3d 1213, 1228 (10th Cir. 2001); *Ute Indian Tribe v. Utah*, 790 F.3d 1000, 1005 (10th Cir. 2015)). While any violation of the Constitution is undoubtedly serious, the alleged offending action of the federal government has been rescinded or, at least, suspended by the same agency. The States' contention that compliance with the Clean Water Rule will continue to result in "monetary losses" as they sort through which waters are covered by the challenged rule, (States' Supp. Memo. at 30), is similarly unpersuasive.

The Court remains cognizant that a preliminary injunction is an extraordinary measure and that no movant has a right to such relief. The States have failed to demonstrate that they will suffer imminent and irreparable harm absent an injunction. Accordingly, the Court finds that preliminary injunctive relief is improper at this time.

### IV.

As such, the States' Renewed Motion for a Preliminary Injunction (ECF No. 58) is **DENIED** and the Unopposed Motion to File Brief as Amicus Curiae (ECF No. 67) is **GRANTED**.

**IT IS SO ORDERED.**

3-25-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

7