IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE STATE OF OHIO, et al.,**

    Plaintiffs,

    v.

**U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,**

    Defendants.

**NATURAL RESOURCES DEFENSE COUNCIL, et al.,**

    Defendant-Intervenors.

Case No. 2:15-cv-2467

JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff States Ohio and Tennessee's Motion for Summary Judgment (ECF No. 103) and Defendant-Intervenors National Wildlife Federation and National Resources Defense Council Inc.'s Cross Motion for Summary Judgment (ECF No. 112). For the following reasons, Plaintiffs' motion is **DENIED**, Defendant-Intervenors' motion is **GRANTED**, and the case is **DISMISSED as moot**.

### I. BACKGROUND

The Clean Water Act established regulatory control over "navigable waters" and defined navigable waters as "waters of the United States." 33 U.S.C. §§ 1344, 1362(7). In this case, Plaintiff States Ohio and Tennessee (together, the "States") challenge Defendants United States Environmental Protection Agency and the United States Army Corps of Engineers' (together, the "Agencies") 2015 Clean Water Rule interpreting the phrase "waters of the United States" (the "2015 Rule"). 80 Fed. Reg. 37,054 (June 29, 2015).

1

A. **Administrative History**

The 2015 Rule was promulgated on June 29, 2015. Three years later, in 2018, the Agencies suspended enforcement of the 2015 Rule ("2018 Suspension Rule"). The same year, a South Carolina district court also enjoined the 2018 Suspension Rule. *See S.C. Coastal Conservation League v. Pruitt*, 318 F. Supp. 3d 959 (D.S.C. 2018). In December 2019, the Agencies formally repealed the 2015 Rule ("2019 Repeal Rule"). In June 2020, the Agencies replaced the 2015 Rule with the Navigable Waters Protection Rule ("2020 Protection Rule"). The 2020 Protection Rule was vacated by district courts in 2021.[1]

On December 7, 2021, the Agencies issued a proposed rule called the Revised Definition of "Waters of the United States" ("2021 Proposed Rule"). 86 Fed. Reg. 69, 372 (Dec. 7, 2021). The 2021 Proposed Rule seeks to "put back into place the pre-2015 definition of 'waters of the United States.'" *Id.* The notice and comment period ended on February 7, 2022, and the Agencies represent that they are working on the final rule. In the meantime, the Agencies interpret "waters of the United States" "consistent with the pre-2015 regulatory regime until further notice."[2]

B. **Procedural History**

The States filed suit on June 29, 2015 to enjoin the 2015 Rule. The States contend that the 2015 Rule improperly expanded the definition of "waters of the United States," giving the Agencies the power to regulate more waters than permitted by Congress, the Supreme Court, and the Tenth Amendment to the Constitution. The States also argue the 2015 Rule violated the Administrative Procedure Act. (*See generally* Am. Compl., ECF No. 20.)

---

[1] *See Navajo Nation v. Regan*, No. 2:20-cv-602, -- F. Supp. 3d --, 2021 WL 4430466, at *5 (D.N.M. Sept. 27, 2021); *Pasqua Yaqui Tribe v. EPA*, No. 4:20-cv-266, --- F. Supp. 3d ---, 2021 WL 3855977, at *6 (D. Ariz. Aug. 30, 2021).
[2] *See* "Current Implementation of Waters of the United States," EPA, https://www.epa.gov/wotus/current-implementation-waters-united-states (last visited March 14, 2022).

The States filed a motion for preliminary injunction in 2018 to enjoin enforcement of the 2015 Rule. (ECF No. 39.) The Court denied the motion. (ECF No. 86.) The States appealed the decision. (ECF No. 90.) On August 5, 2020, the Sixth Circuit ruled that the appeal was moot because there was "no reasonable possibility that a preliminary injunction would have any practical effect upon the States' asserted right to be free from the 2015 Rule's enforcement during the pendency of their case." *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020). The Sixth Circuit found that the case as a whole, however, was not moot. *Id.*

On August 27, 2021, the States filed a motion for summary judgment. (ECF No. 103.) Defendant-Intervenors National Wildlife Federation and National Resources Defense Council Inc. (together, the "Defendant-Intervenors") subsequently filed a cross motion for summary judgment arguing, in part, that the case is moot. (ECF No. 112.) The parties filed additional briefs on mootness. (ECF Nos. 121–23.)

## II. STANDARD

### A. Mootness

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III § 2 cl. 1. A plaintiff has an actual case or controversy if he or she suffered, or is threatened with, an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and "likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). The case-or-controversy requirement subsists throughout all stages of the litigation. *U.S. v. Juvenile Male*, 564 U.S. 932, 936 (2011) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.") (internal

3

quotations and citation omitted). If circumstances change so that there is no longer an actual case or controversy, the court must dismiss the case as moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (noting that a case is moot when the parties no longer have "a legally cognizable interest in the outcome"); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (observing "[u]nder Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.")

Generally, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *A. Philip Randolph Inst. v. Husted*, 838 F.3d 699, 712 (6th Cir. 2016) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953)); *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001) ("a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior."). However, voluntary cessation of the challenged conduct may moot the case if the defendant demonstrates that "that there is no reasonable expectation that the wrong will be repeated." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990). In other words, if "the allegedly wrongful behavior could not reasonably be expected to recur." *A. Philip Randolph Inst.*, 838 F.3d at 712 (citing *Friends of the Earth, Inc.*, 528 U.S. at 190).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

### III. ANALYSIS

Before examining the merits of the case, the Court will first determine whether the case is moot. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question [and] the Court is not empowered to decide moot questions or abstract propositions…").

The Sixth Circuit found that the case was not moot in August 2020, stating:

> Whether a case is moot because of the defendant's voluntary cessation of the challenged conduct depends on whether that conduct can "reasonably be expected to recur"—period. *Friends of the Earth*, 528 U.S. at 189. That does not mean the case remains live if the challenged conduct might recur at any time in the future, no matter how distant. What we cannot foresee, we cannot reasonably expect. Thus, that the conduct must be "reasonably" likely to recur means that there must be a fair prospect that the conduct will recur in the foreseeable future. That fair prospect exists here: given the recent proliferation of nationwide injunctions and the pendency of 15 cases challenging the Repeal or Protection Rules, we cannot exclude the possibility that, as those cases move forward—and by the orders of two judges or even one—the 2015 Rule might again take effect nationwide. Indeed, that is presumably why the plaintiffs in many of those cases are litigating them; and that eventuality would violate what the States say are their rights under the law. This case as a whole, therefore, remains a live one.

*Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020).

The Agencies and Defendant-Intervenors argue that circumstances have changed since August 2020 and the case is now moot. In support, they contend that the 2015 Rule was repealed by the 2019 Repeal Rule, superseded by the 2020 Protection Rule, and will be superseded again

5

by the 2021 Proposed Rule. Furthermore, the litigation surrounding the 2019 Repeal Rule has been dismissed or stayed and there is no reasonable expectation that a court will overturn the 2019 Repeal Rule before the 2021 Proposed Rule is promulgated. (ECF No. 111 at 14–17.)

The States respond that the case is not moot because "the only thing restraining the 2015 Rule is the 2019 Repeal," which "continues to face significant danger" in ongoing litigation. (ECF No. 116 at 22.) The States further contend that the 2021 Proposed Rule will likely face litigation which could result in the 2015 Rule's reimplementation. (ECF No. 125 at 4.) The Court disagrees.

This case is moot because enforcement of the 2015 Rule is not "reasonably. . .expected to recur." *Friends of the Earth*, 528 U.S. at 189. It well-established that courts "can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect." *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 836 (6th Cir. 2004). Furthermore, if a government body "self-corrects" its allegedly illegal conduct, there is "a secure foundation for a dismissal based on mootness so long as [the correction] appears genuine." *Mosley*, 920 F.2d at 415. In the last seven years, the 2015 Rule has been suspended by the 2018 Suspension Rule, repealed by the 2019 Repeal Rule, superseded by the 2020 Protection Rule, and will likely be superseded again by the 2021 Proposed Rule. This Court does not have jurisdiction to enjoin a rule that has not been in effect for three years and that the Agencies have replaced at least twice. To do so would be tantamount to issuing an advisory opinion.

Furthermore, Defendants represent (and the States do not dispute) that every lawsuit challenging the 2019 Repeal Rule and 2020 Protection Rule has been dismissed or stayed. (*See* ECF No. 122 at 4, listing cases.) When the Sixth Circuit issued the opinion in August 2020, it based the decision that the case was live on the fact that there were 15 active cases challenging the 2019 Repeal Rule and the 2020 Protection Rule. At that point, any one of the 15 cases could have

vacated the 2019 Repeal Rule and thus resurrected the 2015 Rule. Now, a year and a half later, most of those cases have been dismissed and the remaining cases are all stayed in anticipation of the 2021 Proposed Rule. It is not "foreseeable" or "reasonably expected" that a district court will lift its stay and vacate the 2019 Repeal Rule when that decision would be promptly nullified by the 2021 Proposed Rule. *See Ohio v. EPA*, 969 F.3d at 310. Even if a district court vacates the 2019 Repeal Rule, the 2021 Proposed Rule will interpret "waters of the United States" consistent with the pre-2015 definition, which is what the States desire in this case. Finally, the States' argument that the 2021 Proposed Rule may face litigation that could lead to the 2015 Rule's resurrection is speculative and not "foreseeable." *Id.*

The States' challenge to the 2015 Rule is rendered moot because the rule cannot "reasonably be expected to recur." *See Friends of the Earth, Inc.*, 528 U.S. at 190; *Mich. State Chamber of Com. v. Austin*, 788 F.2d 1178, 1182 (6th Cir. 1986) ("Even where [standing] requirements are satisfied at inception a case may be rendered moot by changing circumstances during the course of the litigation."). The Court need not address the merits of the case because "justiciability is lost and the action must be dismissed." *See id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion (ECF No. 103) is **DENIED**, Defendant-Intervenors' motion is **GRANTED** (ECF No. 112), and the case is **DISMISSED as moot**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**3/23/2022**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                               **EDMUND A. SARGUS, JR.**
                                                                             **UNITED STATES DISTRICT JUDGE**